**Electronically Filed: January 11, 2019**

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@vegaslawfirm.legal*
Ani Biesiada, Esq.
Nevada Bar No. 14347
Email: *ani@vegaslawfirm.legal*
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Phone: 702-522-1992
Fax:   702-825-2824

*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>2806 PARADISE ISLE LLC,<br><br>Debtor. | Case No.: 18-12795-BTB<br>Chapter 11<br><br>Hearing Date: February 27, 2019<br>Hearing Time:  10:00 a.m. Pacific time |

**MOTION TO VALUE COLLATERAL "STRIP OFF" AND MODIFY RIGHTS OF SECURED CREDITORS PURSUANT TO 11 U.S.C. § 506(a) AND § 1123 FOR THE REAL PROPERTY LOCATED AT <u>2806 PARADISE ISLE AVE., NORTH LAS VEGAS, NEVADA 89031</u>**

2806 PARADISE ISLE LLC, a Nevada limited liability company ("Debtor"), debtor and debtor-in-possession, by and through its counsel of record, hereby files this *Motion to Value Collateral "Strip Off" and Modify Rights of Secured Creditors Pursuant to Sections 506(a) and § 1123; FRBP 3012 and 9014* ("Motion") seeking to value collateral securing certain claims and reclassify such claims as unsecured.[1]

---

[1] When used herein, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All References to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada.

This Motion is supported by the following Memorandum of Points and Authorities; the Declaration of Michael Brunson. ("Brunson Declaration"), filed contemporaneously herewith; all papers and pleadings filed in the above-captioned case, judicial notice of which is requested under Rule 201 of the Federal Rules of Evidence; and any arguments of counsel offered in support of the Application during any hearing held by the Court on this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. Jurisdiction and Venue**

The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. § 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment consistent with Article III of the United States Constitution, the Debtor consents to the entry of final orders or judgment by this Court. The relief requested herein is premised on Sections 506(a) and 1123; FRBP 3012 and 9014.

### **II. Background**

On May 14, 2018, ("Petition Date"), the Debtor voluntarily filed for bankruptcy relief under chapter 11, initiating the above-captioned case ("Case"). The Debtor filed in an attempt to reorganize the claims against it in a fair and transparent manner, while maintaining the value of its most important asset: a property located at 2806 Paradise Isle Ave., North Las Vegas, Nevada 89031 ("Property"). The value of the Property "AS IS" is $127,800.00. *See* the appraisal report, attached as Exhibit 1 the Brunson Declaration. The Property currently has one mortgage ("First Mortgage Claim") and five junior liens (collectively, "Junior Liens") recorded against it.

| **Lien Holder** | **Priority** | **Claim Amount** | **Secured Amount** | **Unsecured Amount** |
|---|---|---|---|---|
| Federal National Mortgage Association | First | $343,133.10 | $127,800.00 | $215,333.10 |
| Capital One Bank (USA) N.A. | N/A | $4,633.40 | $0.00 | $4,633.40 |
| City of North Las Vegas | N/A | $5,611.63 | $0.00 | $5,611.63 |
| Susana Castillo | N/A | $539.81 | $0.00 | $539.81 |
| Financial Casualty & Surety, Inc. | N/A | Unknown | $0.00 | Unknown |
| Tierra De Las Palmas HOA | N/A | Unknown | $0.00 | Unknown |

By this Motion, the Debtor seeks to bifurcate the First Mortgage Claim into secured and

unsecured claims based on the market value of the Property. *See* the appraisal report, attached as Exhibit 1 the Brunson Declaration. Further, the Debtor seeks to strip the remaining Junior Liens off the Property and to reclassify such Junior Liens as general unsecured claims, wherein the holders of these Junior Liens receive a pro rata distribution along with other general unsecured creditors through the Debtor's plan of reorganization ("Plan"). The Property is not the Debtor's primary residence.

### III. Legal Authority

A debtor may bifurcate a secured lender's claim based on the actual value of the property securing the lender's lien. 11. U.S.C. § 506. Section 506(a)(1) provides, as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

*Id.* The Supreme Court has recognized that Section 506 defines the amount of the secured creditor's allowed secured claim and the conditions of his receiving postpetition interest. *United Sav. Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371 (1988) (quoting H.R.Rep. No. 95-595, pp. 181, 356 (1977). In *United Savings Association of Texas*, the Supreme Court interpreted Section 506(a):

> In Subsection (a) of this provision the creditor's "interest in property" obviously means his security interest without taking account of his right to immediate possession of the collateral on default. If the latter were included, the "value of such creditor's interest" would increase, and the proportions of the claim that are secured and unsecured would alter, as the stay continues-- since the value of the entitlement to use the collateral from the date of the bankruptcy would rise with the passage of time. No one suggests this was intended. The phrase "value of such creditor's interest" in § 506(a) means "the value of the collateral."

*Id.* In line with the Supreme Court's decision, the Ninth Circuit held that "a claim" is a secured claim to the extent of the value of [the] creditor's interests' in the estate's interest in the property. The entire claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.

1 *See In re Maldonado*, 46 B.R. 497, 499 (B.A.P. 9th Cir. 1984)("The argument is that, if a creditor has *any* security interest, it is entitled to protection for the *entire value* of the collateral. This is not the law. Under [Section] 506(a), a claim 'is a secured claim to the extent of the value of [the] creditor's interests' in the estate's interest in the property. The entire claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.").

Further, the Bankruptcy Courts in the District of Nevada have likewise determined that "an 'allowed secured claim' is a determination generally made under [Section] 506(a) which provides an allowed claim of a creditor secured by a lien on property has an interest in the estate's interest, and, to the extent that the value is less than the amount of the total allowed claim, the claim is unsecured." *See Provident Bank v. BBT (In re BBT)*, 11 B.R. 224, 229 (Bankr. D. Nev. 1981). The amount of the allowed secured claim cannot exceed the market value of the property and the remainder of the claim must be treated as an allowed unsecured claim for purposes of the plan. *See In re Sagewood Manor Associates Ltd. Partnership*, 223 B.R. 756, 773 (Bankr. D. Nev. 1998).

Accordingly, the market value of the Property is approximately $127,800.00, as set forth in the Appraisal Report. *See* the appraisal report, attached as Exhibit 1 the Brunson Declaration. This means the First Mortgage Claim of $343,133.10 is undersecured and should be bifurcated into a secured claim of $127,800.00, and an unsecured claim of $215,333.10. *Id.* Likewise, because the First Mortgage Claim on the Property is undersecured, all Junior Liens are wholly unsecured. Because the Junior Liens are wholly unsecured, the Junior Liens should be reclassified as general unsecured claims and receive a pro rata distribution similar to other general unsecured creditors. Further, all holders of such Junior Liens should be stripped of their secured rights under state law, since no maintainable security interest in the Property exists.

Further, the debtor is not required to file an adversary proceeding to achieve the requested relief herein. Rather, the debtor may bring a motion to "strip off" a consensual lien. *See, In re Robert*, 313 B.R. 545 (Bankr. N.D.N.Y. 2004); *In re Bennett*, 312 B.R. 843 (Bankr. W.D. Ky. 2004); *In re King*, 290 B.R. 641 (Bankr. C.D. Ill. 2003); *In re Millspaugh*, 302 B.R. 90 (Bankr. D. Idaho 2003); *Dickey v. Ben. Fin. (In re Dickey)*, 293 B.R. 360 (Bankr. M.D. Pa. 2003); *In re Hill*, 304 B.R. 800 (Bankr. S.D.

Ohio 2003); *In re Sadala*, 294 B.R. 180 (Bankr. M.D. Fla. 2003); *In re Fisher*, 289 B.R. 544 (Bankr. W.D.N.Y. 2003); *In re Hoskins*, 262 B.R. 693 (Bankr. E.D. Mich. 2001); *In re Fuller*, 255 B.R. 300 (Bankr. W.D. Mich. 2000); and *In re Williams*, 166 B.R. 615 (Bankr. E.D. Va. 1994). Thus, the Court should grant the Debtor the relief requested herein.

### IV. Conclusion

Based on the forgoing, the Debtor respectfully requests this Court enters an order substantially in the form of the proposed order, attached hereto as **Exhibit 1**, that (i) in accord with the appraisal, values the Property in the amount of $127,800.00; (ii) bifurcate the First Mortgage Claim of $343,133.10 into secured and unsecured claims of $127,800.00 and $215,333.10, respectively; (iii) allows the Debtor to avoid, "strip off," and extinguish Junior Liens, as permitted by Section 506(a) and reclassifies Junior Liens as general unsecured claim, wherein the holders of such Junior Liens will receive a pro rata distribution similar to other general unsecured creditors through the Debtor's Plan and (iv) granting such other and further relief as the Court deems just and proper.

Dated this 11th day of January, 2019.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:  /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Ani Biesiada, Esq.
Nevada Bar No. 14347
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109

*Counsel for Debtor*

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@vegaslawfirm.legal*
Ani Biesiada, Esq.
Nevada Bar No. 14347
Email: *ani@vegaslawfirm.legal*
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Phone: 702-522-1992
Fax:    702-825-2824

*Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br><br>2806 PARADISE ISLE LLC, | Case No.: 18-12795-BTB<br>Chapter 11<br><br>**ORDER GRANTING MOTION TO VALUE COLLATERAL "STRIP OFF" AND MODIFY RIGHTS OF SECURED CREDITORS PURSUANT TO 11 U.S.C. § 506(a) AND § 1123 FOR THE REAL PROPERTY LOCATED AT <u>2806 PARADISE ISLE AVE., NORTH LAS VEGAS, NEVADA 89031</u>**<br><br>Hearing Date: February 27, 2019<br>Hearing Time: 10:00 a.m. Pacific time |
|---|---|

The Court, having considered the *Motion to Value Collateral "Strip Off" and Modify Rights of Secured Creditors Pursuant to Sections 506(a) and § 1123; FRBP 3012 and 9014 for the Real Property*

*Located at 2806 Paradise Isle Ave., North Las Vegas, Nevada 89031* ("Motion")[1] filed by 2806 PARADISE ISLE LLC ("Debtor"), a Nevada limited liability company ("Debtor"), debtor and debtor-in-possession, having considered the Declaration of Ryan A. Andersen, Esq. submitted in support of the Motion; having conducted a hearing with respect to the Motion, with Ryan A. Andersen appearing on behalf of the Debtor and with other appearances as noted on the record of such hearing, at which time all parties in interest were afforded an opportunity to be heard; having stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusion of law are incorporated herein by this reference in accord with FRCP 52, made applicable by FRBP 9014; with good cause appearing;

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** in its entirety;

**IT IS FURTHER ORDERED** that the secured portion of the First Mortgage Claim is reduced to $127,800.00 the appraised value of the Property, in accord with Section 506(a);

**IT IS FURTHER ORDERED** that the unsecured portion of the First Mortgage Claim is reduced to $215,333.10 and shall be treated as "general unsecured claims," in accord with Section 506(a);

**IT IS FURTHER ORDERED** that the Junior Liens are wholly unsecured, and, therefore, the Junior Liens shall be treated as "general unsecured claims," in accord with Section 506(a);

**IT IS FURTHER ORDERED** that all claims against the Property shall be modified as follows:

1. First Mortgage Claim held by Federal National Mortgage Association
    a. Secured Claim:        $127,800.00
    b. Unsecured Claim:      $215,333.10
2. Junior Lien held by Capital One Bank (USA) N.A
    a. Secured Claim:        $0.00
    b. Unsecured Claim:      $4,633.40
3. Junior Lien held by the City of North Las Vegas, as listed in Schedule D
    a. Secured Claim:        $0.00
    b. Unsecured Claim:      $5,611.63

---

[1] All capitalized terms are as defined in the Motion unless otherwise stated herein.

    4.   Junior Lien held by Susana Castillo, as listed in Schedule D
- a. Secured Claim: $0.00
- b. Unsecured Claim: $539.81

    5.   Junior Lien held by Financial Casualty & Surety, Inc., as listed in Schedule D
- a. Secured Claim: $0.00
- b. Unsecured Claim: UNKNOWN

    6.   Junior Lien held by Tierra De Las Palmas HOA, as listed in Schedule D
- a. Secured Claim: $0.00
- b. Unsecured Claim: UNKNOWN

**IT IS FURTHER ORDERED** that all Junior Liens shall be reclassified as general unsecured claims and receive a pro rata distribution, along with other general unsecured creditors, through the Debtor's ultimate plan of reorganization;

**IT IS FURTHER ORDERED** that the secured rights and/or lienholder rights in the Property are hereby modified as set forth, and that nothing in this order shall be construed as prejudicial to any party's right to appraise the Property and submit its own valuation issues up to the disclosure statement or plan confirmation process;

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to hear all matters relating to or arising from the entry of this order; and

**IT IS FURTHER ORDERED** that this order shall be effective and enforceable immediately upon entry, as provided by FRBP 7062.

**IT IS SO ORDERED.**

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:   /s/ Ryan A. Andersen
      Ryan A. Andersen, Esq.
      Nevada Bar No. 12321
      Ani Biesiada, Esq.
      Nevada Bar No. 14347
      101 Convention Center Drive
      Suite 600
      Las Vegas, Nevada 89109

*Counsel for Debtor*

## LR 9021 CERTIFICATION

In accord with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___th day of February, 2019.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By:  /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Ani Biesiada, Esq.
Nevada Bar No. 14347
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109

*Counsel for Debtor*

# # #