**Electronically Filed: August 1, 2019**

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@vegaslawfirm.legal*
Ani Biesiada, Esq.
Nevada Bar No. 14347
Email: *ani@vegaslawfirm.legal*
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Phone: 702-522-1992
Fax:     702-825-2824

*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>2806 PARADISE ISLE, LLC,<br><br>Debtor. | Case No.: 18-12795-GS<br>Chapter 11<br><br>**OPPOSITION TO NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Hearing Date:    August 15, 2019<br>Hearing Time:  9:30 a.m. |

　　　2806 PARADISE ISLE, LLC, a Nevada limited liability company, debtor and debtor in possession ("Debtor"), by and through its counsel, hereby files its opposition ("Opposition") to the *Motion for Relief from the Automatic Stay* ("Motion"), ECF No. 102, filed by Nationstar Mortgage LLC D/B/A Mr. Cooper ("Creditor").[1]

---

[1] When used herein, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket in the above-captioned case. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada.

1    This Opposition is supported by the following Memorandum of Points and Authorities; the

2    Declaration of Shawn Samol ("Samol Declaration"), filed contemporaneously herewith; all papers and

3    pleadings filed in the above-captioned case, judicial notice of which is requested under Rule 201 of the

4    Federal Rules of Evidence; and any arguments of counsel offered in support of the Opposition during

5    any hearing held by the Court on this matter.

6    **MEMORANDUM OF POINTS AND AUTHORITIES**

7    **I. Jurisdiction and Venue**

8    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper

9    in this district under 28 U.S.C. § 1409.

10    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined

11    that the Court cannot enter final orders or judgment consistent with Article III of the United States

12    Constitution, Debtor consents to the entry of final orders or judgment by this Court.

13    The relief sought is premised under Sections 362(d)(1)(2) and (3), and FRBP 4001.

14    **II. Background**

15    On May 14, 2018, Debtor voluntarily filed for bankruptcy relief under chapter 11 of the

16    Bankruptcy Code, initiating the above-captioned case ("Case"). 365 REAL ESTATE

17    INVESTMENTS, LLC is Debtor's sole managing member. *See* Exhibit 1 attached to Debtor's petition

18    at ECF No. 1. Debtor holds legal title to a single-family residential property located at 2806 Paradise

19    Isle Ave., North Las Vegas, Nevada 89031 ("Property"). When Debtor filed for bankruptcy relief on

20    May 14, 2018, the automatic stay went into effect, and the Property became part of Debtor's bankruptcy

21    estate. The Property is part of the Debtor's bankruptcy estate, even though Debtor has no personal

22    liability on the underlying debt that the Property secures. Importantly, Debtor has never designated

23    itself as a single asset real estate debtor, as it is not one. ECF Nos. 1 and 59.

24    Debtor acquired its interest in the Property as the result of an HOA foreclosure. Specifically,

25    on August 25, 2016, the HOA recorded its Notice of Default. On November 16, 2016, the HOA

26    foreclosed on the Property selling the Property to Ken Lillestrand ("HOA Purchaser"), an unaffiliated

27    third party. The HOA Purchaser took title to the Property subject to a statutory 60-day right of

ANDERSEN
— L A W   F I R M —
— LTD —

redemption. On January 18, 2017, the statutory 60-day right of redemption expired, and the HOA Purchaser recorded its deed. On February 2, 2017, the HOA Purchaser transferred the Property to Debtor.

Creditor's claim against the estate ("Secured Claim") arises from a promissory note executed in favor of Creditor and secured by a first position deed of trust on the Property. On October 30, 2017, Creditor recorded its Notice of Default. On April 17, 2018, Creditor recorded its Notice of Trustee Sale.

The Property is uninhabitable and will need substantial repairs before it may return to the housing market. *See* Samol Declaration. The Property's appraised value is approximately $127,800.00. In addition, several junior liens are recorded against the Property. In turn, Debtor sought a *Motion to Value* its Property. ECF No. 64. Debtor and Creditor have been engaged in ongoing negotiations regarding the value of the Property. In support of negotiating the resolution of the Property's value without judicial intervention, Debtor and Creditor have to agreed continue the hearing three times.[2] ECF Nos. 73, 90, and 97. However, without a resolution in place, the Court set Debtor's *Motion to Value* for an evidentiary hearing on October 21, 2019.

Amid Debtor's ongoing efforts to establish the value of the Property, as described above, and before Creditor ever made a demand for adequate assurance to Debtor, Creditor filed its Motion. Through its Motion, Creditor seeks relief from the automatic stay to foreclose on Debtor's sole Property. Creditor is well aware that obtaining such relief would effectively foreclose Debtor's ability to reorganize its debts, resulting in a de facto dismissal of Debtor's Case without having to show cause. As discussed below, Creditor's Motion should be denied in its entirety.

## III. Legal Argument

Creditor seeks relief from the automatic stay advancing numerous theories without any evidentiary support, falling severely short of carrying its burden to show it is entitled to any relief under Section 362(d)(1), (d)(2), or (d)(3). Moreover, by seeking relief from the automatic stay as to Debtor's

---

[2] The first-priority lender on the Property, Federal National Mortgage Association, filed its claim against Debtor on January 31, 2019. Claim 1. Federal National Mortgage Association assigned its claim to Creditor on June 24, 2019. ECF No. 99.

ANDERSEN
— L A W   F I R M —
LTD

1  only Property, Creditor is truly seeking a dismissal of this Case without having to show cause. On this

2  basis alone, the Court should deny Creditor's Motion. Further, Creditor is also seeking relief from the

3  automatic stay by inappropriately and prematurely raising confirmation issues, instead of seeking relief

4  at confirmation through the confirmation process. However, the inquiry before the Court is relief from

5  the automatic stay, not confirmation. For these reasons, Creditor's Motion should be denied.

6  *A. Section 362(a)*

7  Section 362(a) provides an automatic stay of, among other things, actions taken to realize the

8  value of collateral given by the debtor when a bankruptcy petition is filed. 11 U.S.C. § 362(a); *United*

9  *Savings Assn. v. Timbers of Inwood Forest*, 484 U.S. 365, 369 (1988). A party moving to lift the

10 automatic stay under Section 362(d) must first establish a *prima facie* case. *In re Elmira Litho,*

11 *Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994).

12 *B. Section 362(d)(1) Relief*

13 1. Adequate Protection

14 Creditor seeks relief under Section 362(d)(1), as it claims it lacks adequate protection.

15 Section 362(d)(1) provides that relief from the automatic stay is appropriate when the movant

16 establishes cause, "including the lack of adequate protection of an interest in property of such party in

17 interest…." 11 U.S.C. § 362(d)(1). Adequate protection refers to relief created to protect the value of

18 a secured creditor's lien so that it does not diminish during the bankruptcy proceeding. 11 U.S.C. § 361;

19 *United Savings Assn. v. Timbers of Inwood Forest*, 484 U.S. 365, 375 (1988). An undersecured creditor

20 may be entitled to adequate protection to ensure against the decline in value of its collateral. *Id* at 370.

21 An undersecured creditor must demand adequate protection payments from the debtor and is only

22 entitled to adequate protection payments to the extent that its claim is secured by the present value of

23 the property. *Id*; *N. Am. Banking Co. v. Leonard (In re Web2B Payment Solutions, Inc.)*, 488 B.R. 387,

24 392 (B.A.P. 8th Cir. 2013) (Determining that adequate protection payments are not automatic, so

25 creditor must demand such payments.).

26 A *prima facie* case that the party lacks adequate protection under Section 362(d)(1) can be

27 satisfied by showing (i) a quantitative decline in value of a property, or (ii) that the debtor has failed to

1    make numerous post-petition payments.  3 COLLIERS ON BANKRUPTCY ¶ 362.10 (16th ed. 2016).

2    If the movant fails to demonstrate its *prima facie* case, the court must deny the request to lift the stay.

3    *Id.* If the movant makes a *prima facie* case, the burden shifts to the debtor on all other issues. *In re*

4    *Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994); 3 COLLIERS ON BANKRUPTCY ¶

5    362.10.

6        Here, Creditor has made no demand for adequate protection payments to date. *In re Web2B*

7    *Payment Solutions, Inc.*, at 392. Creditor wrongly assumes it is automatically entitled to adequate

8    protection payments from Debtor. However, Debtor has no automatic duty to make adequate protection

9    payments to Creditor. In addition, Creditor has set forth absolutely no evidence to show the value of

10   the Property has decreased since Debtor filed this Case, so adequate protection payments may not even

11   be appropriate. *Timbers*, at 375. Creditor has failed to show adequate protection payments are

12   appropriate. After the filing of the Motion, Debtor made a substantial adequate protection offer, to

13   which Creditor has not yet responded.

14   2. Cause

15       Creditor seeks relief under Section 362(d)(1), as it claims it cause exists.

16       Section 362(d)(1) provides that relief from the automatic stay is appropriate when the movant

17   establishes "cause." *See* 11 U.S.C. § 362(d)(1); *Timbers*, at 375. "Cause… has no clear definition and

18   is determined on a case-by-case basis." *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters.,*

19   *Inc.)*, 96 F.3d 346, 352 (9th Cir. 1996) (citation omitted). The decision whether to grant or deny relief

20   from the automatic stay "is committed to the sound discretion of the bankruptcy court." *Id* at 351.

21       Here, no cause exists. Creditor attempts to manufacture cause by alleging that Debtor's de

22   minimis income means that: Debtor cannot fund its forthcoming Plan; Debtor has a hidden source of

23   income because its Property does not generate rental profits; and Debtor has a cash flow, which means

24   Debtor has improperly used cash collateral without the approval of this Court.

25       All of Creditor's unsupported allegations are unfounded and are without an evidentiary basis.

26   Debtor properly disclosed its managing member, 365 REAL ESTATE INVESTMENTS, LLC, at the

27   very start of this Case. *See* Exhibit 1 attached to Debtor's petition at ECF No. 1. Debtor's managing

ANDERSEN
— L A W  F I R M —
——LTD——

1  member will be funding the forthcoming Plan through a new value injection. *See* Samol Declaration.

2  No such hidden source of funding exists. In addition, the Property is uninhabitable and is not generating

3  rental profits. Because the Property is not generating rental profits, Creditor has no rights in cash

4  collateral, and Creditor's claim that Debtor has improperly used cash collateral is a non-starter.

5  In addition to these unsupported allegations, Creditor also claims this is a two-party dispute,

6  which shows Debtor filed for bankruptcy relief in bad faith. However, Creditor undermines its own

7  proclamation that Debtor acted in bad faith when it filed for bankruptcy relief. In particular, to show

8  the Property lacks equity, Creditor lists several junior liens recorded against the Property in its Motion.

9  ECF No. 102, p. 3, *ll.* 5-19. In proving the Property lacks equity, Creditor acknowledges that Debtor

10  has other debts to address in this bankruptcy proceeding. As shown, Creditor has failed to establish that

11  cause exists. Thus, this Court should not deny Creditor's request for relief under Section 362(d)(1).

12  *C. Section 362(d)(2) Relief*

13  Creditor seeks also relief under Section 362(d)(2). Section 362(d)(2) provides for relief from

14  the automatic stay "if . . . (A) the debtor does not have an equity in such property; and (B) such property

15  is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2)(A) and (B). If the movant

16  establishes it is an undersecured creditor by the property lacks equity, then the burden shifts to the

17  debtor to show that the collateral is "necessary to an effective reorganization." 11 U.S.C. §

18  362(d)(1)(B); *id.* § 362(g). "What this requires is not merely a showing that if there is conceivably to

19  be an effective reorganization, this property will be needed for it; but that the property is essential for

20  an effective reorganization *that is in prospect*." *Timbers*, at 375-76. The debtor must show that the

21  collateral is "necessary to an effective reorganization," by showing there is "a reasonable possibility of

22  a successful reorganization within a reasonable time." *Id;* citing 808 F. 2d, at 370-371, and nn. 12-13.

23  Here, relief from the automatic stay under Section 362(d)(2) is unavailable to Creditor. While

24  Debtor concedes the Property has no equity, it is also a foregone conclusion that Debtor cannot

25  reorganize its debts without its sole Property. In turn, the Property is absolutely necessary to effectuate

26  Debtor's forthcoming Plan, and, therefore, Debtor satisfies its burden under this prong of the test.

27

ANDERSEN
— LAW FIRM —
LTD

1    Moreover, Debtor's Plan is in prospect. Debtor has taken concrete actions that establish that

2    Debtor has a reasonable possibility of reorganizing its debts within a reasonable time. For example, in

3    January of 2019, Debtor sought a *Motion to Value* its Property. ECF No. 64. Since then, Debtor and

4    Creditor have been engaged in ongoing negotiations regarding the value of the Property. Such ongoing

5    efforts are evident by the fact that Debtor and Creditor have agreed continue the *Motion to Value*

6    hearing three times. ECF Nos. 73, 90, and 97. As noted, the *Motion to Value* is currently set for an

7    evidentiary hearing.

8    At the conclusion of this evidentiary hearing, or through continued negotiations with Creditor,

9    Debtor will have established the value of the Property. After the Property value is established, Debtor

10   will be moving swiftly to confirm its Plan, wherein Debtor intends to pay Creditor's Allowed Secured

11   Claim in full. These concrete actions show that Debtor's Plan is in prospect, and that Debtor is

12   proceeding as expeditiously as possible. As stated, Debtor's managing member, 365 REAL ESTATE

13   INVESTMENTS, LLC, intends to infuse Debtor with any necessary funding to ensure the feasibility

14   of Debtor's Plan. Further, as the parties are in negotiation the actual way that Creditor will vote cannot

15   be known until Creditor is actually polled through the confirmation process. The foregoing shows that

16   the Property is necessary to effectuate a successful reorganization, and that Debtor has a reasonable

17   possibility of a successful reorganization within a reasonable time. Thus, this Court should deny

18   Creditor's request for relief under Section 362(d)(2).

19                              *D. Section 362(d)(3) Relief*

20   Creditor seeks relief from the automatic stay under Section 362(d)(3). Section 362(d)(3) reads,

21   as follows:

22         (d) On request of a party in interest and after notice and a hearing, the court shall
23         grant relief from the stay provided under subsection (a) of this section, such as by
           terminating, annulling, modifying, or conditioning such stay-

24            (3) with respect to a stay of an act against single asset real estate under
25         subsection (a), by a creditor whose claim is secured by an interest in such real
           estate, unless, not later than the date that is 90 days after the entry of the order
26         for relief (or such later date as the court may determine for cause by order entered
           within that 90-day period) or 30 days after the court determines that the debtor is
27         subject to this paragraph, whichever is later-

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien), which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

11 U.S.C. § 362(d)(3). By its clear language, this provision applies only to single asset real estate debtors. *Id.* In turn, Section 101(51B) defines the term "single asset real estate." 11 U.S.C. § 101(51B). Examining such definition, the Ninth Circuit explained that a property is a single asset real estate property as defined by Section 101(51B) only if it meets all of the following three elements: (i) the property must be "a single property or project, other than residential real property with fewer than 4 residential units"; (ii) the property must "generate substantially all of the gross income of a debtor who is not a family farmer"; and (iii) "no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." *Meruelo Maddux Properties-760 S. Hill Street, LLC v. Bank of America, N.A. (In re Meruelo Maddux Properties, Inc.)*, 667 F.3d 1072, 1076 (9th Cir. 2012); 11 U.S.C. § 101(51B). Indeed, Section 101(51B) explicitly excludes "residential real property with fewer than 4 residential units" from its definition. 11 U.S.C. § 101(51B); *In re DBI Hous., Inc.*, Case No. 2:12-bk-51335-RK, at *6-7 (Bankr. C.D. Cal. May 22, 2013) (Finding that debtor's ownership of fewer than the requisite four residential units excludes debtor from Section 101(51B), and, consequently, Section 362(d)(3).)

The legal status of a case as a single asset real estate debtor is either self-designated by a debtor or determined by the court. 11 U.S.C. § 362(d)(3); *see generally In re Meruelo Maddux Properties, Inc.*, at 1076; *In re DBI Hous., Inc.*, Case No. 2:12-bk-51335-RK, at *6 (Bankr. C.D. Cal. May 22, 2013). If the debtor does not self-identify as a single asset real estate debtor on its petition, then, upon request by a party in interest, the court will determine the debtor's status. *In re Meruelo Maddux Properties, Inc.*, at 1076. If the court determines the debtor is a single real estate asset debtor, only then does the clock starts on the prescribed periods contained in Section 362(d)(3). 11 U.S.C. § 362(d)(3); *see id.* If debtor takes the corrective action within the prescribed periods, then relief from the automatic stay is inappropriate under Section 362(d)(3). *Id.*

1  Here, Sections 101(51B) and 362(d)(3) do not apply to Debtor, as Debtor is not a single asset

2  real estate debtor. ECF Nos. 1 and 59. The subject Property is residential real property with fewer than

3  four residential units; so, it is excluded from the purview of Section 101(51B). 11 U.S.C. § 101(51B);

4  *see Centofante*, at 469; *In re Meruelo Maddux Properties, Inc.*, at 1076; *In re DBI Hous., Inc.*, Case

5  No. 2:12-bk-51335-RK, at *6-7. This means Debtor cannot be single asset real estate debtor, and this

6  is why Debtor correctly chose not to identify as such.

7  Even if Debtor could be found to be a single asset real estate debtor, which it cannot, the period

8  for Debtor to take corrective action has not yet commenced under Section 362(d)(3). As stated, Debtor

9  has never designated itself as a single asset real estate debtor. In addition, Creditor mentions this issue

10  for the first time in its Motion. In turn, Section 362(d)(3) does not apply to Debtor's Case until and

11  unless the Court enters an order following a properly noticed request for relief to determine Debtor's

12  status.

13  Creditor did not request the Court determine Debtor's status in its Motion. Rather, Creditor

14  "deemed" Debtor a single asset real estate debtor without citing any legal authority and without

15  engaging in any legal analysis. ECF No. 102, pg. 4, *ll.* 11-14. Had Creditor examined Section

16  101(51B)'s application to this Case whatsoever, it would have likely decided not to take such a fatally

17  flawed position, or, at a minimum, Creditor would have requested specific relief through an appropriate

18  motion. Instead, Creditor appears to have deemed Debtor a single asset real estate debtor based on a

19  superficial understanding of the legal term. While Debtor has one Property, that one Property does not

20  mean that Debtor is a single asset real estate debtor as defined by Section 101(51B). However, this

21  issue is not even yet before the Court, and should Creditor wish the Court to determine this issue, it

22  needs to request such relief via a proper motion.

23  In any event, the triggering events of self-designation by Debtor or determination by the Court

24  have not yet occurred. Therefore, Section 362(d)(3) does not apply, and, relief from the automatic stay

25  is inappropriate under Section 362(d)(3).

26

27

ANDERSEN
— L A W  F I R M —
— LTD —

1

## IV. Conclusion

2    Based on the foregoing reasons, Debtor respectfully requests this Court deny Creditor's Motion

3    in its entirety. Debtor also respectfully requests this Court grant Debtor such other and further relief as

4    the Court deems just and proper.

5    Dated this 1st day of August, 2019.

6    Respectfully submitted by:

7    **ANDERSEN LAW FIRM, LTD.**

8    By:    /s/ Ryan A. Andersen
           Ryan A. Andersen, Esq.
9          Nevada Bar No. 12321
           Ani Biesiada, Esq.
10         Nevada Bar No. 14347
           101 Convention Center Drive
11         Suite 600
           Las Vegas, Nevada 89109
12

13    *Counsel for Debtor*

14

15

16

17

18

19

20

21

22

23

24

25

26

27